# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN LOOZE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 2675 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Steven Looze's (Looze) motion for summary judgment and Defendant Social Security Administration's (SSA) motion for summary judgment. For the reasons stated below, SSA's motion is denied, Looze's motion is granted in part, and this matter is remanded to SSA for further proceedings consistent with this opinion.

## BACKGROUND

In 2011, Looze applied for Supplemental Security Income disability benefits and Social Security Disability Insurance, and such requests were denied. On December 21, 2012, after a hearing (Hearing) before an Administrative Law Judge (ALJ), a decision was entered against Looze. On February 25, 2014, the Appeals

1

Council denied a request for review, and on April 14, 2014, Looze filed the instant appeal. Looze has filed a motion for summary judgment, seeking to have the ALJ's decision reversed and remanded for an award of benefits, and seeking in the alternative to have this case remanded to the ALJ for further proceedings to correct errors made by the ALJ. SSA has filed a motion for summary judgment seeking to have the ALJ's decision affirmed.

## LEGAL STANDARD

Pursuant to 42 U.S.C. §405(g), a party can seek judicial review of administrative decisions made under the Social Security Act. When an ALJ's decision is deemed to be "the final action of the Social Security Administration, the reviewing district court examines the ALJ's decision to determine whether substantial evidence supports it and whether the ALJ applied the proper legal criteria." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

## DISCUSSION

An ALJ examines a claim of disability under a five-step process. *Craft v. Astrue*, 539 F.3d 668, 673-74 (7th Cir. 2008). In step one, the ALJ "considers whether the applicant is engaging in substantial gainful activity." *Id.* In step two, the ALJ "evaluates whether an alleged physical or mental impairment is severe, medically determinable, and meets a durational requirement." *Id.* In step three, the ALJ "compares the impairment to a list of impairments that are considered

conclusively disabling." *Id.* If the applicant's impairment satisfies "or equals one of the listed impairments, then the applicant is considered disabled" and the inquiry ends. *Id.* If the inquiry continues, in step four, the ALJ "assesses an applicant's residual functional capacity (RFC) and ability to engage in past relevant work." *Id.* In step five, the ALJ "assesses the applicant's RFC, as well as her age, education, and work experience to determine whether the applicant can engage in other work," and "[i]f the applicant can engage in other work, he is not disabled." *Id.*

In the instant appeal, Looze argues: (1) that the ALJ erred in assessing Looze's credibility, (2) that the ALJ failed to give proper weight to the opinion of the treating physician, (3) that the ALJ improperly determined that Looze did not suffer from severe anxiety and depression, (4) that the ALJ erred in finding that Looze did not experience severe impairments before the expiration of his disability insured status, and (5) that the ALJ failed to consider all of the medical evidence in the record.

I. Credibility Determinations

Looze contends that the ALJ erred in evaluating the credibility of Looze as to his impairments and pain. Credibility assessments made by an ALJ are given "special, but not unlimited, deference." *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012)(stating that "[t]he ALJ must consider a number of factors imposed by regulation, . . . and must support credibility findings with evidence in the record"); *see also Pierce v. Colvin*, 739 F.3d 1046, 1050 (7th Cir. 2014)(stating that "[a]n ALJ may not discount a claimant's credibility just because her claims of pain are

3

unsupported by significant physical and diagnostic examination results"). The ALJ concluded that Looze's allegations of symptoms and pain were "less than fully credible."

A. Narcotics

Looze argues that the ALJ gave improper weight to the fact that he has not been prescribed narcotics "for back pain or arthralgias." (AR 23). The ALJ, however, failed to explain why the absence of narcotics in Looze's list of medication and other daily treatments contradicted Looze's claims of severe pain and diagnosis of severe arthritis and cervical stenosis. The ALJ thus failed to adequately connect the evidence in the record to her conclusion. *See Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014)(stating that "[i]n reaching its decision, the ALJ must build a logical bridge from the evidence to h[er] conclusion"). On remand, the ALJ should provide specific reasons why the absence of narcotics was contrary to Looze's claimed symptoms and pain.

B. Hospital and Treatment

Looze argues that the ALJ gave improper weight to the fact that Looze had not followed the suggestion of his treating physician Dr. Dennis O'Connell (O'Connell) and gone to the hospital for medication and a cervical spine MRI. (AR 23). However, the record shows that Looze was homeless at times, and without insurance. (AR 34, 349). Looze testified that he believed that, in general, "without insurance

nobody wants to even let you in the door." (AR 41). When the ALJ questioned how Looze was able to obtain treatment from O'Connell without money, Looze stated that O'Connell has "been very good" to him and has not "charged [him] a nickel," and even gave Looze medication "free of charge." (AR 41-42). The ALJ merely noted that O'Connell, who was providing Looze with free treatment, "recommended" that Looze go to the hospital for treatment. (AR 23). There is no indication in the ALJ's decision that she explored the availability of such care to Looze. Looze also contends that he previously had incurred $300,000 in medical bills due to prior hospitalizations, which further inhibited his ability to obtain treatment at hospitals. (PSJ 16). The ALJ failed to show that she adequately developed the record on this issue. *See Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000)(stating that "[f]ailure to fulfill th[e] obligation" to develop a "full and fair record" constitutes "'good cause' to remand for gathering of additional evidence"). The ALJ in her ruling also failed to adequately explain her apparent belief that Looze had treatment available to him at a hospital, which Looze chose not to pursue. On remand, the ALJ should allow Looze to present any additional evidence relevant to this point and the ALJ should connect the facts in the record to her conclusion regarding the hospital and treatment.

    C. Drug Seeking Behavior

Looze argues that the ALJ improperly concluded that Looze "has demonstrated drug seeking behavior" simply because on one occasion he requested the drug Dilaudid, when being treated for severe abdominal pain. (AR 23). The

5

medical record indicates that Looze was suffering from severe pain in his abdominal area. The only evidence pointed to by the ALJ is one hospital record ambiguously indicating that a medical professional "confronted" Looze and terminated his medication at the end of his stay. (AR 349). The ALJ failed to adequately explore the record on this point as to this isolated instance. The record also reflects that even after the Dilaudid was discontinued, Looze continued to return to seek treatment for abdominal pain. (AR 352, 355). There is ample evidence in the record indicating that Looze suffers from serious ailments, which require strong medication. The ALJ failed to explain her apparent determination that Looze sought to misuse such medications. On remand, the ALJ should allow Looze to present any additional evidence relevant to this point and the ALJ should connect the facts in the record to her conclusion regarding misuse of medication.

### D. Witness Statements

Looze argues that the ALJ, in assessing Looze's credibility, failed to give proper consideration to the witness statements of Debbie Jacobson and Clifford Jacobson (collectively referred to as "Witnesses"), who apparently provided Looze with a place to stay. The Seventh Circuit has made clear that "[t]o evaluate credibility, an ALJ must consider the entire case record. . . ." *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009). The ALJ made reference to "[t]hird party statements from the Jacobsens [sic]" claiming to have observed Looze "having pain, wincing and groaning, hearing him screaming in pain in the night from his knee, memory

is actually: 

...

6

issues and anxiety attacks." (AR 23). The ALJ concluded that such "subjective complaints are out of promotion with the objective evidence." (AR 23). The testimony of the Witnesses was based on their first-hand observations. The ALJ simply dismissed such observations out of hand, based on a cursory statement by the ALJ that if Looze was really in pain, he would have made more of an effort to seek free medical care. (AR 23). The ALJ failed to provide sufficient facts to explain why she dismissed the Witnesses' testimony as having little importance. On remand, the ALJ should allow Looze to present any additional evidence from the Witnesses and the ALJ should connect the facts in the record to her conclusion regarding the weight given to the testimony of the Witnesses.

II. Opinion of Treating Physician

Looze argues that the ALJ failed to give sufficient weight to the opinion of O'Connell, the treating physician. The opinion of a treating physician "is entitled to controlling weight if it is supported by medical findings and consistent with substantial evidence in the record." *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)(stating that controlling weight is given unless there is "well-supported" evidence that contradicts the "treating physician's evidence"); *see also Scrogham v. Colvin*, 765 F.3d 685, 696 (7th Cir. 2014)(stating that "pursuant to 20 C.F.R. § 404.1527(c)(1), an ALJ should give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]"). The ALJ concluded that O'Connell's opinion should be "given little

7

weight." (AR 23). The ALJ, in evaluating the treatment by O'Connell, recited certain facts that O'Connell found favorable in Looze's condition, failing to address all facts indicating that Looze's condition was not favorable. The ALJ then decided to give little weight to O'Connell's opinion simply because O'Connell gave significant weight to Looze's allegations of pain and symptoms. (AR 23). It would be expected that any physician would give significant weight to the pain and symptoms that are reported by a patient. The ALJ is not a medical expert, and to discount the opinion of a medical professional who treated Looze, the ALJ must offer more justification. On remand, the ALJ should allow Looze to present any additional evidence from O'Connell and the ALJ should connect the facts in the record to her conclusion regarding the weight given to the opinion of O'Connell.

III. Severity of Anxiety and Depression

Looze argues that the ALJ failed to properly determine the severity of anxiety and depression suffered by Looze. The ALJ agreed with the state medical consultant that Looze "has no severe mental impairment. . . ." (AR 20). Looze contends that he has a history of anxiety and depression. Looze also contends that his anxiety and depression affects his physical impairments. The ALJ pointed to evidence in the record concerning Looze's mental health at the time of the Hearing and the ALJ adequately explained her conclusion on such issue. There is evidence in the record concerning Looze's mental issues, but there is also medical evidence indicating that

8

such issues "can be controlled" through medication. (AR 380-81). Although, Looze has not pointed to sufficient facts to show that he suffered from a severe mental impairment, Looze may present additional evidence on this point, and the ALJ can revisit this issue as well. The ALJ should also adequately take into consideration the combined effect of Looze's mental impairments, in combination with his physical impairments.

IV. Expiration of Disability Insured Status

Looze argues that the ALJ erred in finding that Looze did not experience severe impairments before the expiration of this disability insured status. The ALJ concluded that "[p]rior to December 31, 2009 (the date last insured) claimant did not have any severe impairments." (AR 19). Looze concedes that there is not excessive medical evidence relating to his status prior to the expiration of his disability insured status, Looze contends that such lack of documentation is mainly due to the fact that he was homeless, without funds at that time. On remand, the ALJ should further explore this issue in assessing when Looze was disabled.

V. Consideration of All Medical Evidence

Looze contends that the ALJ failed to adequately support her conclusions as to the severity of Looze's impairment and failed to consider all of the medical evidence in the record. The ALJ did not have to specifically reference every piece of

evidence in her decision. *See Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003)(stating that "although the ALJ need not discuss every piece of evidence in the record . . . the ALJ may not ignore an entire line of evidence that is contrary to the ruling," and that "[o]therwise it is impossible for a reviewing court to tell whether the ALJ's decision rests upon substantial evidence"). However, Looze has correctly pointed to certain evidence relating to issues such as degenerative disc disease, spinal stenosis, and findings by Dr. Mahesh Shah. On remand, the ALJ should take into consideration evidence relating to such issues and support her decision based on the evidence.

## CONCLUSION

Based on the foregoing analysis, SSA's motion is denied, Looze's motion is granted in part, and this matter is remanded to SSA for further proceedings consistent with this opinion.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December16, 2014